UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**PAULINE HOFFMANN**,
                              Plaintiff,

                                                                    **COMPLAINT**

                    vs.

**ST. BONAVENTURE UNIVERSITY**,                                     19-cv-679

                              Defendants.

Plaintiff Pauline Hoffman ("Plaintiff" or "Prof. Hoffmann") alleges the following complaint:

## PARTIES

1. The Plaintiff, Pauline Hoffmann, is a natural person with a place of residence at 7382 Rt. 16, Franklinville, NY 14737

2. Upon information and belief, Defendant St. Bonaventure University ("Defendant" or "University"), is a corporate entity with offices located at 3261 W. State Rd., Allegany, NY 14778

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and as conferred by 42 U.S.C. §1983.

4. Defendants are subject to the jurisdiction of this Court and venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) as the acts and omissions giving rise to the claims in this complaint occurred within the Western District of New York.

1

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.  Plaintiff has exhausted administrative remedies prerequisite to bringing this claim as follows:

6.  On February 19, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC assigned a charge number as 525-2019-00509.

7.  Subsequently, the EEOC mailed Plaintiff a 'Right to Sue' letter proving that she has exhausted his administrative remedies under Title VII.

## FACTUAL BACKGROUND

8.  Prof. Hoffmann is a professor for Defendant, St, Bonaventure University.
9.  Prof. Hoffmann is over the age of 40.
10. Prof. Hoffmann is female.
11. Prof. Hoffmann is Wiccan.

## FIRST CAUSE OF ACTION

### Violation of Title VII on the basis of Sex and Religion

12. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

13. The *prima facie* elements of discrimination claims under Title VII are "not onerous."[1]  A plaintiff may make out a *prima facie* case with either circumstantial or direct evidence of

---

[1] Texas Dept. of Community Affairs v Burdine, 450 US 248, 253 [1981]

discriminatory intent.[2] Circumstantial evidence is by far the most common.[3]  A plaintiff making out a *prima facie* case of discrimination with circumstantial evidence must 1) identify a protected class, 2) identify an adverse action, 3) show that a) Complainant was qualified for the job and b) that the work still being performed.[4]

## Element 1) Protected Classes

14. Prof. Hoffmann is female.

15. Prof. Hoffmann is Wiccan.

## Element 2) Adverse Actions

16. Defendant caused Prof. Hoffmann to resign her position as Dean of the School of Communication.

17. This caused her a significant reduction in pay.

18. Prof. Hoffmann was also denied promotion to the position of Provost.

19. This promotion would have carried a significant increase in pay.

20. The board has also asked for Prof. Hoffmann

21. 's resignation.

22. The Board has declined to articulate a reason for this.

## Element 3 (a) Plaintiff was Qualified for the Jobs Held and Applied for

23. Prof. Hoffmann was pressured to resign her position as Dean of the School of Communication.

---

[2] Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), *citing Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121 (1985).
[3]
[4] McDonnell Douglas Corp. v Green, 411 US 792, 802 [1973], *see also Young v. UPS*, 135 S.Ct. 1338 (2015).

24. Prof. Hoffmann also possesses the requisite qualifications for the position of Provost for which she applied.

**Element 3 (b) Work was Still Being Performed**

25. Prof. Hoffmann was qualified for her position as Dean of the School of Communication as evinced by the fact that she held that position for approximately 8 years.

26. Prof. Hoffmann also possesses the requisite qualifications for the position of Provost for which she applied.

**Additional Evidence of Unlawful Discriminatory Intent**

27. When Prof. Hoffmann was hired as Dean, she was given a 2-year contract.

28. Upon information and belief, all other deans were given 3-year contracts.

29. Upon information and belief, all other deans at that time were male.

30. Upon information and belief, all other deans received higher compensation than Prof. Hoffmann.

31. In the fall of 2011, Prof. Hoffmann sent an e-mail to the VP of Communications referring to the fact that Prof. Hoffmann is a Wiccan.

32. On or about May 7th, 2012, Prof, Hoffmann was required by then Provost, Mike Fisher, to sign a document vowing to uphold Catholic values.

33. Prof. Hoffmann asked Provost Fisher "if I were Jewish would I have to sign this?"

34. Provost Fisher replied "If you were Jewish, then I guess not."

35. Provost Fisher also stated "You might not want to be so overt about being a witch if you want to move up."

36. Sister Margaret told Prof. Hoffmann "I took a big chance hiring you as a Wiccan."

37. Subsequently, Prof. Hoffmann was denied promotion.

38. Prof. Hoffmann was also pressured to resign her position as Dean.

39. Upon information and belief, Joe Zimmer, the new Provost, was told to "solve the Pauline problem."

40. Mike Hoffman told Prof. Hoffmann that "Sister Margaret really has it in for you."

## SECOND CAUSE OF ACTION

### Discrimination on the basis of Sex and Religion in violation of the NYSHRL

41. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein. The NYSHRL is analytically identical to Title VII. Thus, the facts of the first cause of action are equally relevant to the second cause of action for pendant state claims.

## THIRD CAUSE OF ACTION

### Retaliation in violation of Title VII and the NYSHRL

42. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

43. The *prima facie* elements of retaliation claims are "not onerous."[5]  A plaintiff may make out a *prima facie* case with either circumstantial or direct evidence of retaliatory intent. [6] Circumstantial evidence is by far the most common. [7] A plaintiff making out a *prima facie* case of discrimination with circumstantial evidence must 1) identify protected activity, 2)

---

[5] <u>Texas Dept. of Community Affairs v Burdine</u>, 450 US 248, 253 [1981]
[6] <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 511-12, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), *citing Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121 (1985).
[7] <u>U.S. Postal Serv. Bd. of Governors v Aikens</u>, 460 US 711, 716 [1983]

identify a dissuasive action[8] 3) offer evidence that the dissuasive action was because of the protected activity.[9]

**Element 1) Protected Classes**

1.  Prof. Hoffmann is female.

2.  Prof. Hoffmann is Wiccan.

**Element 2) Adverse Actions**

3.  Defendant caused Prof. Hoffmann to resign her position as Dean of the School of Communication.

4.  This caused her a significant reduction in pay.

5.  Prof. Hoffmann was also denied promotion to the position of Provost.

6.  This promotion would have carried a significant increase in pay.

7.  The board has also asked for Prof. Hoffmann's resignation.

8.  The Board has declined to articulate a reason for this.

**Element 3 (a) Plaintiff was Qualified for the Jobs Held and Applied for**

9.  Prof. Hoffmann was pressured to resign her position as Dean of the School of Communication.

10. Prof. Hoffmann also possesses the requisite qualifications for the position of Provost for which she applied.

---

[8] Burlington Northern & Santa Fe Railway Co., v. White, 126 S.Ct. 2405, 2407 (2006).
[9] Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002).

**Element 3 (b) Work was Still Being Performed**

11. Prof. Hoffmann was qualified for her position as Dean of the School of Communication as evinced by the fact that she held that position for approximately 8 years.

12. Prof. Hoffmann also possesses the requisite qualifications for the position of Provost for which she applied.

**Additional Evidence of Unlawful Retaliatory Intent**

13. In the fall of 2011, Prof. Hoffmann sent an e-mail to the VP of Communications referring to the fact that Prof. Hoffmann is a Wiccan.

14. On or about May 7th, 2012, Prof, Hoffmann was required by then Provost, Mike Fisher, to sign a document vowing to uphold Catholic values.

15. Prof. Hoffmann asked Provost Fisher "if I were Jewish would I have to sign this?"

16. Provost Fisher replied "If you were Jewish, then I guess not."

17. Provost Fisher also stated "You might not want to be so overt about being a witch if you want to move up."

18. Sister Margaret told Prof. Hoffmann "I took a big chance hiring you as a Wiccan."

19. Subsequently, Prof. Hoffmann was denied promotion.

20. Prof. Hoffmann was also pressured to resign her position as Dean.

21. Upon information and belief, Joe Zimmer, the new Provost, was told to "solve the Pauline problem."

22. Mike Hoffman told Prof. Hoffmann that "Sister Margaret really has it in for you."

23. As a result of Defendants' actions, Prof. Hoffmann experienced loss of income, fear, anxiety, severe humiliation, shame, embarrassment, emotional pain and suffering, loss of savings, and loss of enjoyment of life.

**WHEREFORE**, Prof. Hoffmann respectfully requests this Court to enter an Order

A. Awarding Prof. Hoffmann past lost wages and benefits in an amount to be determined at trial;

B. Awarding Prof. Hoffmann damages for her pain, suffering, loss of enjoyment of life, humiliation and other injuries in an amount to be determined at trial;

C. Directing Defendants pay all unreimbursed medical costs incurred by Prof. Hoffmann as a result of the stress and anxiety resulting from the discrimination he suffered and the hostile working conditions he endured, including diagnostic analysis, treatment and therapy, and follow up therapy;

D. Defendants pay Prof. Hoffmann the costs of this action, together with reasonable attorneys' fees and disbursements;

E. Defendants to reinstate Prof. Hoffmann to the payroll in her former title and workload;

F. Defendants to reinstate Prof. Hoffmann's pension and health care status;

G. Prof. Hoffmann to have such other and further relief as this Court deems just and equitable.

*(balance of page left blank)*

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) Fed. R. Civ. P., Plaintiff hereby demands a trial by jury for all issues

triable of right by a jury in this case.


Dated:   May 28, 2019
            Buffalo, New York

Respectfully submitted,


*s/Lindy Korn, Esq.*
Lindy Korn, Esq.
Richard J. Perry, Esq.
*Attorneys for Plaintiff*