UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAULINE HOFFMANN,

           Plaintiff,

v.   **DECISION AND ORDER**

      19-CV-679S

ST. BONAVENTURE UNIVERSITY,

           Defendant.

---

## I.      Introduction

Before this Court is Plaintiff's action seeking equal pay from her employer, Defendant St. Bonaventure University. Plaintiff alleges that she faces discrimination as a woman and Wiccan (Docket No. 1, Compl. ¶¶ 10, 11, 14, 15). Plaintiff was hired as Dean of Defendant's Russell J. Jandoli School of Journalism and Mass Communication for a two-year term, although other Deans at the University were male and had three-year contracts for greater compensation (id. ¶¶ 27, 28-30). On May 7, 2012, after Plaintiff disclosed that she was Wiccan, Defendant required Plaintiff to sign a document avowing Catholic values, a document that (for example) a Jewish faculty member would not be required to sign (id. ¶¶ 31-35). Plaintiff claims that Defendant then forced her to resign as Dean, leading to a significant reduction in her pay and constituting an adverse action (id. ¶¶ 16-17, 20-22, 38). She also claims she was denied promotion as Provost, a position with significant increase in pay (id. ¶¶ 18-19, 37).

Defendant St. Bonaventure University has moved to dismiss the Complaint (Docket No. 11). In response to this motion, Plaintiff has cross-moved for leave to amend the Complaint (Docket No. 13).

For the reasons stated herein, Plaintiff's Motion for Leave to amend her Complaint (Docket No. 13[1]) is granted, and, based upon the Amended Complaint, Defendant's Motion to Dismiss (Docket No. 11[2]) is granted and this case is dismissed.

## II.     Background

### A. Complaint (Docket No. 1)

This is an employment discrimination action originally under Title VII, 42 U.S.C. §§ 2000e, et seq., and the New York State Human Rights Law, N.Y. Exec. L. §§ 396, et seq. Plaintiff originally alleged three causes (Docket No. 1). The First Cause of Action alleged violation of Title VII based on sex and religion (id. ¶¶ 13-40). The Second Cause of Action alleged discrimination in violation of the New York State Human Rights Law based on sex and religion on the same allegations for First Cause of Action (id. ¶ 41). The Third Cause of Action alleged retaliation in violation of Title VII and the Human Rights Law (id. ¶ 43, and pages 5-8).

### B. Proceedings

Defendant moved to dismiss this Complaint (Docket No. 11). Responses to this motion were due by July 30, 2019, and any reply by August 6, 2019 (Docket No. 12).

As part of her response (see also Docket No. 13, Pl. Memo.), Plaintiff also moved for leave to amend the Complaint (Docket No. 13). She proposes to change the First Cause of Action to add an Equal Pay Act allegation (Docket No. 13, Ex., [proposed] Am.

---

[1]In support of her motion, Plaintiff submits the redline/strike out version of the proposed Amended Complaint, Docket No. 13, Ex., and her Memorandum of Law, Docket No. 13. In opposition, Defendant submits its Reply Memorandum, Docket No. 15. Plaintiff did not submit any reply.

[2]In support of its motion, Defendant submits its attorney's affirmation with exhibits, the affidavits of St. Bonaventure University officers R. Erik Seastedt (director of human resources) and Joseph E. Zimmer (provost and vice president for academic affairs), with exhibits; Memorandum of Law, Docket No. 11. In opposition, Plaintiff submits her Memorandum of Law, Docket No. 13, as well as her Motion for Leave to Amend the Complaint, id. Defendant then submits its Reply Memorandum, Docket No. 15.

Compl. ¶¶ 11-[new] 39). She now claims that she was paid less than other male, non-Wiccan Deans (id., [proposed] Am. Compl. ¶ [new] 19). She also proposes to delete her Third Cause of Action for retaliation (id., proposed Am. Compl.).

In light of Plaintiff's motion, Defendant was to reply in further support of its motion and respond to Plaintiff's motion by August 14, 2019, and Plaintiff was to reply in support of her motion by August 21, 2019, with this Court to schedule oral argument as necessary (Docket No. 14). While Defendant did file its reply (Docket No. 15), Plaintiff did not. Thus, the motions are deemed submitted and oral argument is not needed.

### III.    Discussion

A. Applicable Standards

    1. Motion to Dismiss

Defendant has moved to dismiss the Complaint on the grounds that the claims are untimely and that it fails states a claim (Docket No. 11). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007). To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the

speculative level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5.  As reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . .  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Ibid.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'  Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading.  The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference.  Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985).

In considering such a motion, the Court must accept as true all the well pleaded facts alleged in the Complaint.  Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985).  However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true.  New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

Defendant argues that this Court ought to consider documents that set the chronology of the alleged events included with this motion without converting the motion to dismiss into a motion for summary judgment (Docket No. 11, Def. Memo. at 5-8).  The Complaint references (Docket No. 1, Compl. ¶¶ 5-7), but did not include, EEOC materials

4

(Docket No. 11, Def. Memo. at 6). The other referenced documents Defendant claims are either in Plaintiff's possession or include facts within her knowledge (id.). Defendant alternatively offers to convert its Rule 12 motion into one for summary judgment under Rules 12(d) and 56 if necessary (id. at 7).

Defendant presents the EEOC Charge (Docket No. 11, Def. Atty. Affirm. Ex. A, see also id. Exs. B (Notice of Charge of Discrimination sent to Defendant), C (EEOC Memorandum)) and Right to Sue Letter (id., Ex. D) referenced in the Complaint (Docket No. 1, Compl. ¶¶ 6, 7; see also Docket No. 13, Ex., [proposed] Am. Compl. ¶¶ 6, 7). Plaintiff takes no position on the introduction of documents extraneous to her Complaint. Plaintiff focused instead on seeking leave to amend her Complaint and the substance of Defendant's arguments (cf. Docket No. 13, Pl. Memo.).

This Court deems the EEOC documents incorporated here since it is integral to Plaintiff's claims. Although Plaintiff did not incorporate the actual documents in her Complaint, she made reference to them in her pleadings, Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); 5B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357, at 376, 377 (Civil 3d ed. 2004). Absent any objection from Plaintiff, this Court will consider the EEOC documents (Docket No. 11, Def. Atty. Affirm. Exs. A-D) without converting this motion into one seeking summary judgment.

A closer question is Defendant's assertion of employment documents providing dates of Plaintiff's appointment and resignation as Dean and for the filling of the Provost vacancy she applied for. Plaintiff has not objected and, in her proposed Amended Complaint (Docket No. 13, Ex.), does not allege these dates. The amendment focuses on her expressly alleged Equal Pay Act claim but she does not focus on the timing of

5

employment events. Since these arise under Rule 15 motion for leave to amend, this Court need not convert Defendant's motion to dismiss into a motion for summary judgment merely because Plaintiff failed to allege the chronology for her proposed amended claims.

### 2. Motion for Leave to Amend the Complaint, Rule 15

Under Federal Rule of Civil Procedure 15(a) amendment of pleadings after the time to do so as of right requires either consent of all parties (not present here) or by leave of the Court. Under Rule 15(a) motions for leave to amend the complaint are to be freely given when justice requires. Granting such leave is within the sound discretion of the Court. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Foman, supra, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).

### 3. Title VII and Equal Pay Act

Title VII "makes it unlawful for an employer . . . 'to fail to hire or to discharge any individual, or otherwise discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin,'" Abdallah v. Napolitano, 909 F. Supp.2d 196, 203 (W.D.N.Y. 2012) (Curtin, J.) (quoting 42 U.S.C. § 2000e-2(a)(1)).

Plaintiff establishes discrimination either by direct evidence, Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121, 105 S.Ct. 613, 83 L.Ed.2d. 523 (1985); Teamsters v. United States, 431 U.S. 324, 358 n.44, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977), or by the burden shifting analysis from McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). For direct evidence of discrimination, Plaintiff must meet her "initial burden of offering evidence adequate to create an inference that an employment decision was based on a discriminatory criterion illegal under the Act," Teamsters, supra, 431 U.S. at 358.

Under McDonnell Douglas and Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-56, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), Plaintiff bears the burden of demonstrating that sex was a motivating factor in her adverse employment action, McDonnell Douglas, supra, 411 U.S. at 802-04; Burdine, supra, 450 U.S. at 252-56; see also University of Texas Southwestern Med. Ctr. v. Nassar, 570 U.S. 338, 349, 133 S.Ct. 2517, 186 L.Ed.2d 503 (2013) (proof of religion as a motivating factor). She then must prove that an inference of discrimination where direct evidence is lacking leading to an application of the burden of proof shifting standard of McDonnell Douglas. Under that standard, Plaintiff bears the burden of establishing a prima facie case of discrimination, Burdine, supra, 450 U.S. at 252-54; McDonnell Douglas, supra, 411 U.S. at 802. She must prove the prima facie case by a preponderance of the evidence, Burdine, supra, 450 U.S. at 252-53. "The burden of establishing a prima facie case of disparate treatment is not onerous," id. at 253, basically that Plaintiff applied for a position or is employed in a job she was qualified for but was rejected or otherwise hindered under circumstances

7

that give rise to an inference of unlawful discrimination, id. The prima facie case creates a presumption of unlawful discrimination by the Defendant employer, id.

If Plaintiff meets this initial burden, the burden shifts to Defendant to articulate some legitimate, nondiscriminatory reason for its action, id. at 254-56. If that has been met, the burden shifts back to Plaintiff to show, beyond the prima facie case, that Defendant's determination was the result of discrimination, id. at 256; see McDonnell Douglas, supra, 411 U.S. at 804-05. "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff," Burdine, supra, 450 U.S. at 253. As noted by the Burdine Court, the McDonnell Douglas evidentiary burden shifting "serves to bring the litigants and the court expeditiously and fairly to this ultimate question," id., or as later held in the TWA case, "that the 'plaintiff [has] his [or her] day in court despite the unavailability of direct evidence,'" TWA, supra, 469 U.S. at 121 (quoting Loeb v. Textron, Inc., 600 F.2d 1003, 1014 (1st Cir. 1979)) (alterations added).

### a. Disparate Treatment

To allege a disparate treatment claim because of gender or religion, e.g., Feingold v. New York, 366 F.3d 138, 149 (2d Cir. 2004); Abdallah, supra, 909 F. Supp. 2d at 203, under either Title VII or the New York State Human Rights Law, Plaintiff again needs to state a prima facie case. If this is done, the burden shifts to Defendant to show non-discriminatory reason for the action. If Defendant presents a non-discriminatory reason, the burden shifts back to Plaintiff to establish that Defendant's reason was pretextual. See, e.g., McDonnell Douglas, supra, 411 U.S. at 802-04.

The prima facie case here is that Plaintiff is a member of a protected class; she is qualified for her position; she suffered from an adverse employment action; and the circumstances give rise to an inference of discrimination, see Moll v. Telesector Resources Group, Inc., 04CV805, 2012 U.S. Dist. LEXIS 74949, at *47-48 (W.D.N.Y. May 30, 2012) (Skretny, C.J.), rev'd on other grounds, 760 F.3d 198 (2d Cir. 2014).

b.  Equal Pay Act

For her proposed Equal Pay Act claim, Plaintiff

"must demonstrate that '[ (1) ] the employer pays different wages to employees of the opposite sex; [ (2) ] the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and [ (3) ] the jobs are performed under similar working conditions.' [Belfi v. Prendergast, 191 F.3d 129, 135 (2d Cir. 1999)] (internal quotation marks omitted),"

E.E.O.C. v. Port Auth. of N.Y. & N.J., 768 F.3d 247, 254-55 (2d Cir. 2014); Corning Glass Works v. Brennan, 417 U.S. 188, 195-96, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974) (Docket No. 13, Pl. Memo. at [page 6 of 8] [3]); McCullough v. Xerox Corp., 224 F. Supp.3d 193, 196 (W.D.N.Y. 2016) (Larimer, J.).  "'A plaintiff need not demonstrate that her job is identical to a higher paid position, but only must show that the two positions are "substantially equal" in skill, effort, and responsibility.' Lavin-McEleney v. Marist Coll., 239 F.3d 476, 480 [ ] (2d Cir. 2001) (quoting [Tomka v. Seiler Corp., 66 F.3d 1295, 1310 (2d Cir. 1995)])," Bass v. World Wrestling Fed'n Ent., Inc., 129 F. Supp.2d 491, 503 (E.D.N.Y. 2001).

Equal Pay claims are "analyzed under a burden-shifting framework that is similar in some ways to that employed for claims under Title VII," McCullough, supra, 224 F. Supp.3d at 196.  If Plaintiff makes out a prima facie case of pay disparity based on sex,

---

[3]This Court's Local Civil Rule 10(a)(5) requires papers to have consecutively numbered pages.

9

the burden shifts to Defendant to show that the wage disparity was justified by ostensibly neutral system (such as merit, seniority), Corning Glass Works, supra, 417 U.S. at 197; see 29 U.S.C. § 206(d)(1). If Defendant makes this showing, the burden shifts back to Plaintiff to show that this reason is pretextual. Corning Glass Works, supra, 417 U.S. at 197.

To survive a motion to dismiss, Plaintiff must allege plausibly facts that her employer violated the Equal Pay Act, Frasier v. General Elec. Co., 930 F.2d 1004, 1007-08 (2d Cir. 1991); Port Auth. of N.Y. and N.J., supra, 768 F.3d at 256 (Docket No. 15, Def. Reply Memo. at 9-10).

### 4. Supplemental Jurisdiction and New York State Human Rights Law

New York State Human Rights Law also has the same burden of proof and burden shifting from McDonnell Douglas stated above for Title VII claims (see Docket No. 13, Pl. Memo. at [page 8 of 8]; cf. Docket No. 15, Def. Reply Memo. at 6, 9), Cruz v. Coach Stores, Inc., 202 F.3d 560, 565 n.1 (2d Cir. 2000); Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 310, 786 N.Y.S.2d 382, 394 (2004).

Subject matter jurisdiction may be raised by the parties or by this Court sua sponte, Lyndonville Sav. Bank & Trust v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000); LaChapelle v. Torres, 37 F. Supp. 3d 672, 680 (S.D.N.Y. 2014). Plaintiff's New York State Human Rights Law claims share the same nucleus of operative facts for her Title VII and § 1981 claims that this Court can exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims, see Klein v. London Star Ltd., 26 F. Supp. 2d 689, 692 (S.D.N.Y. 1998).

5. Timeliness of These Claims

These Title VII and related discrimination claims need to be alleged on time to be actionable. Plaintiff must file charges with the state equal employment agency within 300 days of the alleged discriminatory acts, 42 U.S.C. § 2000e-5(e)(1); Flaherty v. Metromail Corp., 235 F.3d 133, 136 n.1 (2d Cir. 2000).

The Equal Pay Act has a two-year statute of limitations, 29 U.S.C. § 255(a) (Docket No. 13, Pl. Memo. at [pages 5 of 8 & n.2, 8 of 8]), with a possible three-year period for willful conduct, id. (Docket No. 13, Pl. Memo. at [page 5 of 8 & n.2]), without an EEOC charge requirement, see Washington County v. Gunther, 452 U.S. 161, 176 n.14, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981). Plaintiff contends that the Equal Pay Act claims accrue with each paycheck (Docket No. 13, Pl. Memo. at [page 4 of 8 & n. 1]), see Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 125 Stat. 5, codified at 42 U.S.C. § 2000e-5(3)(A), overruling Ledbetter v. Goodyear Tire & Rubber, 550 U.S. 618, 127 S.Ct. 2162, 167 L.Ed.2d 982 (2007).

New York State Human Rights Law claims also do not have an administrative charge requirement and has a statute of limitations under the CPLR of 3 years, N.Y. Civ. P. L. R. 214.

B. Parties' Contentions

Defendant contends that Plaintiff's claims are time barred (Docket No. 11, Def. Memo. at 8-10). Defendant claims that Plaintiff failed to file her EEOC claim within 300 days of the alleged wrongful employment practice (id. at 8). Plaintiff filed her EEOC charge on February 19, 2019 (id. at 9; Docket No. 11, Def. Atty. Affirm. ¶¶ 2, 4, Ex. A).

11

This Charge, like the Complaint did not allege any dates (Docket No. 11, Def. Memo. at 9).

From Defendant's moving papers, Plaintiff was appointed Interim Dean of Defendant's School of Journalism and Mass Communication on September 1, 2011, and appointed Dean on June 1, 2012 (id. at 9-10; Docket No. 11, Seastedt Aff. ¶¶ 3, 4, Exs. A, B). The position of Provost that Plaintiff unsuccessfully applied for was filled on January 28, 2016, and Plaintiff resigned as Dean on June 1, 2017 (effective on January 12, 2018) (Docket No. 11, Def. Memo. at 9, 10; Docket No. 11, Zimmer Aff. ¶¶ 3, 4, Ex. C; id., Seastedt Aff. ¶ 7, Ex. E). Defendant concludes that these dates are well before the 300 days from Plaintiff's February 19, 2019, EEOC Charge (Docket No. 11, Def. Memo. at 9).

Defendant next contends that the Complaint fails to state a claim for retaliation (id. at 10-13). Plaintiff's proposed amendment addresses this by dropping her retaliation claims (Docket No. 13).

Finally, Defendant urges this Court to not exercise supplemental jurisdiction over Plaintiff's New York State Human Rights Law claim (Docket No. 11, Def. Memo. at 13-14).

In addition to seeking leave to amend her Complaint (discussed below), Plaintiff responds that Defendant's statute of limitations argument is in error, claiming that a pay disparity claim (as expressly alleged in the Amended Complaint) is timely with each paycheck issued (Docket No 13, Pl. Memo. at [page 4 of 8 to 5 of 8]), Lily Ledbetter Fair Pay Act, Pub. L. No. 110-2, 125 Stat. 5, codified at 42 U.S.C. § 2000e-5(3)(A). The Equal Pay Act claim has a two-year limitations period (or three years for willful violations)

12

running from each paycheck that was not equal (id.), 29 U.S.C. § 255(a). This statute of limitations argument is an affirmative defense for Defendant to prove (id. at [page 4 of 8]).

Plaintiff contends next that she plausibly alleges discrimination claims based upon her religious faith (Wiccan) and her gender, claiming that non-Wiccan and male colleagues were paid more than she was for equivalent work (id. at [page 5 of 8 to 7 of 8]). She claims that her NYSHRL claims are identical to her federal antidiscrimination law claims and therefore this Court should exercise jurisdiction over her NYSHRL claims (id. at [page 8 of 8]).

Defendant responds that the amendment is futile because it still fails to state a cause of action, thus leave should be denied (Docket No. 15, Def. Reply Memo. at 9, 6-12). Plaintiff has not refuted that her Title VII claim was time barred (id. at 1-2, 4-6). Since Plaintiff fails to state a Title VII claim, Defendant concludes that this Court should not exercise supplemental jurisdiction over her identical New York State Human Rights Law claim (id. at 2, 6). Defendant characterize Plaintiff's proffered new Equal Pay Act claim as "broad, bare, and conclusory assertion" and insufficient to state an Equal Pay Act claim (id. at 3). Plaintiff's Equal Pay Act claim only addresses discrimination based upon gender and not religion (id. at 10), 29 U.S.C. § 206(d). Plaintiff also failed to allege the skills, effort and responsibility for her former position as Dean and the alleged comparable deanships held by male faculty members (id. at 11).

This Court notes that the Amended Complaint refers to the EEOC Charge and Right to Sue Letter (Docket No. 13, Ex., [proposed] Am. Compl. ¶¶ 6, 7) but does not include these documents as part of the amended pleading. The Amended Complaint also

does not allege when she resigned as Dean, hence her last pay date for that office, for this Court to determine if her now Equal Pay Act claim is timely.

### C. Plaintiff's Motion for Leave to Amend (Docket No. 13)

This Court will first address Plaintiff's motion for leave to amend the Complaint and then address Defendant's motion to dismiss (either the Amended Complaint or the original pleading). Resolution of Plaintiff's motion for leave will affect resolution of Defendant's motion to dismiss, Prutsman v. Addison Cent. Sch. Bd., No. 16CV6080, 2018 U.S. Dist. LEXIS 23413, at *6 n.4 (W.D.N.Y. Feb. 13, 2018) (Larimer, J.); if granted, Plaintiff's Amended Complaint becomes the operative pleading, id.

Plaintiff proposes to amend eliminating the Third Cause of Action and expressly alleges an Equal Pay Act claim (Docket No. 13, Ex., [proposed] Am. Compl. ¶ [new] 19). The original Complaint refers to her reduction in pay after her forced resignation as Dean (Docket No. 1, Compl. ¶ 17), her promotion to Provost would have increased her pay (id. ¶ 19) and alleges upon information and belief that other deans (all male) were paid more than Plaintiff (id. ¶¶ 29, 30). The allegations in the First and Second Causes of Action remain the same in the proposed Amended Complaint, thus, there is little change from the original pleading.

Leave to file the proposed Amended Complaint here is not futile. The only substantive changes proposed are elimination of the retaliation Third Cause of Action, one of the arguments in Defendant's Motion to Dismiss (see Docket No. 11, Def. Memo. at 10-13) and express Equal Pay Act claim. Defendant is not prejudiced by this proposed amendment. Plaintiff's motion (Docket No. 13) for leave to amend the Complaint is

granted, see Korthas v. Northeast Foods, Inc., No. 5:03-CV-552(HGM/DEP), 2006 U.S. Dist. LEXIS 18846, at *7 (N.D.N.Y. Feb. 27, 2006).

The Amended Complaint repeats the original allegations but dropped the Third Cause of Action for retaliation and amplify her Equal Pay Act claim. Rather than consider the futility of renewed contentions from the original Complaint in its amendment, this Court will address the merits of her amended pleading in Defendant's motion to dismiss. Thus, for judicial efficiency, this Court will consider the Amended Complaint as the pleading now addressed by Defendant's Motion to Dismiss.

    D.  Defendant's Motion to Dismiss (Docket No. 11)

        1.  Timeliness of Plaintiff's Claims

Plaintiff's Title VII claim for sex and religious discrimination alleged in her First Cause of Action is time barred. Plaintiff talks about several discriminatory incidents (being compelled to sign a commitment to Catholic values, resigning as Dean and not appointed as Provost) without affixing dates for them. Defendant submits a chronology of these events and supporting documents. Plaintiff had the opportunity to object (in resisting Defendant's motion, submitting her version of the timeline, calling for conversion of the motion to dismiss into one for summary judgment, or in amending the Complaint) but did not do so. This Court accepts the chronology proffered by Defendant and unopposed by Plaintiff.

According to Defendant's chronology, on May 7, 2012, Plaintiff was required to sign a statement that affirmed Catholic values although her superiors knew she was Wiccan. Plaintiff resigned as Dean June 1, 2017, effective January 12, 2018. Plaintiff also applied to become Provost, but another person was appointed on January 28, 2018.

She filed her EEOC charge on February 19, 2019, far more than 300 days after the above incident. Plaintiff has not plausibly alleged (in the original or amended pleading) that her Title VII claim is timely. Thus, so much of her First Cause of Action alleging Title VII violation for gender and religious discrimination is dismissed and Defendant's motion to dismiss is granted.

### 2. Equal Pay Act Claim

As amended, Plaintiff fails to allege an Equal Pay Act claim. As Defendant notes (Docket No. 15, Def. Reply Memo. at 10), the Equal Pay Act only addresses gender discrimination in pay, 29 U.S.C. § 206(d) (prohibition of sex discrimination), and not any discrimination due to religion.

She makes a bare bones allegation that she was paid less than other (male) deans at St. Bonaventure University due to her sex. Plaintiff generally alleges Defendant paid different wages to employees of different sexes (Docket No. 13, Ex., [proposed] Am. Compl. [new] ¶¶ 19, 29-30). While she argues in these motions that another faculty member and former dean retained the higher pay when he ceased to be a dean (cf. Docket No. 13, Pl. Memo. at [page 4 of 8]), Plaintiff did not allege this in the Amended Complaint (see Docket No. 15, Def. Memo. at 7-8).

Plaintiff, however, fails to allege the second element of the Equal Pay Act that the employees perform equal work on jobs of equal skill, effort, and responsibility or the third element that the jobs were performed under similar working conditions. As narrowed, Plaintiff makes no allegation of skills and responsibilities she had as Dean of the Russell J. Jandoli School of Journalism and Mass Communication and those of the purported comparable male deans of other schools at St. Bonaventure. This fails plausibly to plead

an Equal Pay Act claim, see Rose v. Goldman, Sachs & Co., 163 F. Supp.2d 238, 243-44 (S.D.N.Y. 2001); Bass, supra, 129 F. Supp.2d at 503 ("vague, conclusory, and speculative allegations will not save an Equal Pay Act Claim.  A plaintiff must allege at least some facts to support contentions that her employer violated the [Equal Pay Act]"). Plaintiff here failed to "elaborate facts supporting her 'information and belief' or even giving rise to a reasonable inference to support her claim," Bass, supra, 129 F. Supp. 2d at 503.  Instead, Plaintiff merely alleges (on information and belief) that she is underpaid as compared with male deans at St. Bonaventure without stating what her skills, efforts, and responsibility as Dean were as compared with those of the male deans (see Docket No. 15, Def. Reply Memo. at 11).  This is insufficient to allege either the second or third elements for an Equal Pay Act claim.

Plaintiff also fails to allege when she was last paid to start the accrual of that claim. While she alleges at least a two-year[4] statute of limitation period that accrues from each paycheck that is less than similar male faculty and administrative staff, Plaintiff's failure to present a chronology deprives the record of when she was underpaid.

Therefore, the remainder of Plaintiff's First Cause of Action, as amended, alleging an Equal Pay Act claim is dismissed and Defendant's motion to dismiss is granted.

### 3.  Supplemental Jurisdiction

As Plaintiff asserts (Docket No. 13, at [page 8 of 8]), her federal and state antidiscrimination claims are identical and are governed by identical analysis (see also Docket No. 13, Ex., [proposed] Am. Compl. ¶ [new] 40; Docket No. 1, Compl. ¶ 41).  Under New York law, the Human Rights Law has a three-year statute of limitations.  Plaintiff filed

---

[4]The Amended Complaint does not allege willful conduct to warrant the three-year period.

this action on May 28, 2019 (Docket No. 1); her claims would be timely for incidents from May 28, 2016, forward.  Plaintiff's Catholic values declaration is time barred under New York law as well as under Title VII.  Her claims regarding her resignation as dean (in June 2017) and denial of appointment as Provost (in January 2018) are timely.

If this Court has jurisdiction over her Title VII and Equal Pay Act claims, this Court may also exercise supplemental jurisdiction over her identical New York State Human Rights Law claims asserted in her Second Cause of Action.

Absent a federal cause of action for original jurisdiction (as held above regarding the Title VII and Equal Pay Act claims), this Court will not exercise its supplemental jurisdiction to consider Plaintiff's claims arising from her resignation as Dean and not being appointed Provost under the New York Human Rights Law.  Plaintiff fails to allege facts that show sex or religious discrimination in the two contested personnel decisions.  She claims that she was forced to resign as Dean, alleging that Defendant's board asked her to resign for unspecified reasons (Docket No. 13, Ex., [proposed] Am. Compl. ¶¶ [new] 15, 20-22, 37).  She claims that the new Provost, Joseph Zimmer, was told to "solve the Pauline problem" (id. ¶ [new] 38), but (according to the chronology of events), Plaintiff resigned as Dean before Zimmer was appointed Provost and Plaintiff does not explain how Zimmer was to "solve the Pauline problem" or what the problem was (or implied to be).  Rather than delve further into the pleading for the Second Cause of Action, this Court declines to exercise supplemental jurisdiction.  As a result of the discussion above, Plaintiff's Second Cause of Action (Docket No. 13, Ex.) under the New York State Human Rights Law is also dismissed.

## IV.  Conclusion

Plaintiff's motion for leave to amend the Complaint (Docket No. 13) is granted.  The Amended Complaint removes Plaintiff's retaliation claims.  Even as amended, however, the Complaint fails to state a timely or meritorious cause of action.  Her Title VII religion and sex discrimination claim is time barred for her cited incidents.  While now cast as an Equal Pay claim, Plaintiff fails to allege when she was last paid to start the accrual of that claim.  She also fails to allege her duties and responsibilities and those of the alleged comparable male deans or the salaries to allege pay discrepancy.  Defendant's motion to dismiss (using the Amended Complaint as the operative pleading, see Docket No. 13, Ex.) is granted.

## V.  Orders

IT HEREBY IS ORDERED, that Plaintiff's Motion for Leave to Amend the Complaint (Docket No. 13) is GRANTED.  Using the Amended Complaint as the operative pleading, Defendant's Motion to Dismiss (Docket No. 11) that pleading is GRANTED.

FURTHER, the Clerk of Court is DIRECTED to close this case.

SO ORDERED.


Dated:      January 5, 2021
            Buffalo, New York


                                                    s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge